UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMES KYZAR, ET AL.

CIVIL ACTION

VERSUS

NUMBER 15-527-SDD-SCR

AMERICAN NATIONAL PROPERTY AND
CASUALTY COMPANY

**<u>NOTICE</u>**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, November 19, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMES KYZAR, ET AL.

VERSUS

AMERICAN NATIONAL PROPERTY AND
CASUALTY COMPANY

CIVIL ACTION

NUMBER 15-527-SDD-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the Plaintiffs' Motion to Remand. Record document number 5. The motion is opposed.[1]

For the reasons which follow, the plaintiffs' Motion to Remand should be denied.

**Background**

Plaintiffs filed a Class Action Petition for Damages, Statutory Penalties, and Injunctive Relief against defendant American National Property and Casualty Company ("ANPAC") in state court. Plaintiffs sought to recover damages resulting from an alleged improper depreciation of labor costs when reimbursing insured Louisiana homeowners for covered losses within the last ten years.[2]

---

[1] Record document number 22. Plaintiffs filed a reply memorandum. Record document number 27.

[2] During this time period, Louisiana endured several hurricanes including Katrina and Rita, which caused substantial damage in southern Louisiana and are the cause of the vast majority of the potential claims in this case.

Plaintiffs sought certification of a class defined as follows:

> All persons and entities that received "actual cash value" payments, directly or indirectly, from ANPAC for loss or damage to a dwelling or other structure located in the state of Louisiana, within the last ten years, where the cost of labor was depreciated. Excluded from the Class are: (1) All persons who received payment from ANPAC in the full amount of insurance shown on their declarations page; (2) ANPAC and its affiliates, officers, and directors; (3) Members of the judiciary and their staff whom this action is assigned; and (4) Plaintiffs' counsel.[3]

Defendant removed the case under 28 U.S.C. §§ 1446 and 1453 and asserted subject matter jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). In the Notice of Removal the defendant asserted that minimal diversity existed between the parties. Specifically, the defendant alleged that it is incorporated, and has its principal place of business, in the Missouri and named plaintiffs James Kyzar and Ann Aulds are Louisiana citizens. Defendant asserted that the plaintiffs' action encompasses more than 100 putative class members. Defendant also alleged that the value of the class members' claims exceed $5,000,000 exclusive of interest and costs. Defendant argued that this amount is demonstrated by considering the potential number of class members - more than 1,000 - and the value of their claims, which include minimum penalties of $5,000 under LSA-R.S. § 22:1973(C).

---

[3] Record document number 1-2, Notice of Removal, Exhibit A-1, attached Class Action Petition for Damages, Statutory Penalties, and Injunctive Relief, ¶ 33.

2

Plaintiffs moved to remand arguing that the defendant has not shown that the numerosity requirement or requisite amount in controversy under CAFA has been met. Plaintiffs argued that the defendant cannot establish the number of putative class members in this case by referencing 1,350 individuals who participated in the Road Home program after Hurricanes Katrina and Rita.[4] Plaintiffs argued that the number of claimants in the Road Home Lawsuit does not reliably estimate the size of the class because the plaintiffs' class definition is more limited. Specifically, the plaintiffs argued that the defendant has not established that: (1) Road Home claimants received actual cash value payments which applied depreciation to labor; 2) Road Home claimants received payment from ANPAC as opposed to the other named defendants in the Road Home Lawsuit, namely American National General Insurance Company and ANPAC Louisiana Insurance Company ("ANPAC Louisiana"); and (3) Road Home claimants received payments totaling less than policy limits.

Plaintiff alternatively argued that minimal diversity would not be satisfied due to a proposed amendment to their complaint which would substitute ANPAC Louisiana for ANPAC as the proper defendant. Because ANPAC Louisiana is a domiciled in Louisiana,

---

[4] *Louisiana State, et al., v. AAA Insurance, et al.*, No. 07-5528, E.D. La. After Hurricanes Katrina and Rita, the State of Louisiana filed a putative class action against ANPAC, American National General Insurance Company and ANPAC Louisiana to enforce insurance assignments obtained from thousands of homeowners who were allegedly underpaid claims and received supplemental funds from the Road Home Program.

3

minimal diversity would no longer exist.

In its opposition the defendant initially argued that CAFA's minimal diversity requirement would sustain jurisdiction despite its defense seeking dismissal from this suit.  Defendant also argued that the procedural posture of this case demonstrates that the plaintiffs knowingly engaged in forum manipulation by naming an improper party, ANPAC, rather than the insurer who issued the plaintiffs' policies, ANPAC Louisiana.

It is not necessary to, and the court should not, address the impact of the plaintiffs' proposed amendment before determining whether the case was properly removed.  Consequently, the parties arguments regarding substitution of ANPAC Louisiana for ANPAC are not addressed in this magistrate judge's report.  If the court determines that the case was properly removed, those arguments will be addressed.

Defendant argued that it showed by a preponderance of the evidence that there are at least 1,087 policyholders who are similarly situated to named plaintiffs, which would satisfy the numerosity requirement and jurisdictional amount under CAFA. Defendant initially noted that figures gathered from the Road Home Lawsuit excluded all insurance claims in which policy limits had been paid.[5]  Defendant asserted that the 1,504 individual lawsuits

---

[5] Record document number 22-1, Exhibit A, Declaration of Stuart Paulson, ¶ 23.

filed in the Road Home Lawsuit, including the 1,350 claims involving ANPAC Louisiana policies, could not include any claims where full policy limits had already been paid since no valid subrogation rights would exist where there were no remaining limits under the insurance policies.[6]

Next, the defendant asserted that loss reports and damage estimates for each of the 1,350 claims in which ANPAC was sued under policies issued by ANPAC Louisiana were reviewed for this litigation to determine whether the policyholders received actual cash value payments which applied depreciation to labor.[7] Based upon this review, the defendant found 1,087 claims involving policyholders similarly situated to named plaintiffs who received actual cash value payments which applied depreciation to labor.[8]

## Applicable Law

Under Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d), federal diversity jurisdiction is conferred over class actions where (1) the number of individuals in the proposed class exceeds 100; (2) minimal diversity of citizenship exists; i.e. at least one plaintiff and one defendant are from different states, and (3) the amount in controversy, exclusive of interests and costs, is greater

---

[6] *Id.* at ¶ 24.

[7] Record document number 22-1, Exhibit B, Declaration of Amy Rivet, ¶¶ 3 and 4.

[8] *Id.*, Declaration of Amy Rivet, ¶¶ 4 and 5.

5

than $5,000,000. 28 U.S.C. § 1332(d)(5)(B); *Nolan v. Exxon Mobil Corp.*, 13-439, 2013 WL 6194621, at 2 (M.D. La. Nov. 26, 2013) citing, *Rasberry v. Capitol County Mut. Fire Ins. Co.*, 609 F.Supp.2d, 594, 600 (E.D.Tex. 2009). Defendant must prove by a preponderance of the evidence that the amount in controversy equals or exceeds the jurisdictional amount. *Perritt v. Westlake Vinyls Co., L.P.*, 562 F. App'x 228, 231 (5th Cir. 2014).

## Analysis

A review of the petition and the record shows by a preponderance of the evidence that the jurisdictional amount under CAFA is satisfied.[9] Plaintiffs did not refute the calculations presented by the defendant concerning the potential number of putative class members. Defendant's minimum number of 1,000 claimants is reinforced by the lengthy time period included in the class definition and the multiple catastrophic events which occurred over this timeframe which would generate many similarly situated claimants. Considering the number of claimants and the damages sought, which include but are not limited to, punitive damages under LSA-RS. § 22:1973(C), the defendant has satisfied its burden of establishing that the amount in controversy existed at

---

[9] This finding also satisfies CAFA's numerosity requirement of 100 or more individuals in a proposed class.

the time of removal.[10]

## Conclusion

Because the defendant has demonstrated by a preponderance of the evidence that proposed class exceeds 100 members and the amount in controversy is greater that $5,000,000, removal was proper under CAFA, 28 U.S.C. § 1332(d).

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the Plaintiffs' Motion to Remand filed be denied.

Baton Rouge, Louisiana, November 19, 2015.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[10] One thousand claimants multiplied by $5,000.00 equals damages in the amount of $5,000,000.