UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES KYZAR AND ANNE AULDS, INDIVIDUALLY, AND AS REPRESENTATIVES OF THE CLASS | CIVIL ACTION |
| VERSUS | |
| AMERICAN NATIONAL PROPERTY AND CASUALTY CO. | 15-527-SDD-EWD |

## **RULING**

Before the Court is Defendant American National Property and Casualty Company ("ANPAC")'s *Motion to Vacate and Strike Plaintiffs' Notice of Dismissal Without Prejudice*.[1] Plaintiffs, James Kyzar and Anne Aulds, have filed an *Opposition* to which ANPAC has file a *Reply*.[2] For the following reasons, the Court denies ANPAC's *Motion* and Plaintiffs' *Notice* shall be given effect.

"Dismissal under Rule 41(a)(1) is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court."[3] "The filing of a notice of voluntary dismissal under Rule 41(a)(1)(A)(i) is effective *immediately* and does not require action by the Court."[4] On January 14, 2016, the date Plaintiffs filed their *Notice*, there had been no answer or summary judgment motion filed by ANPAC. Although ANPAC

---

[1] Rec. Doc. 38.
[2] Rec. Doc. 40 and Rec. Doc. 44.
[3] *Bailey v. Shell W.E. & P Inc.*, 609 F.3d 710, 719 (5th Cir. 2010).
[4] *Smith v. Cain*, 2015 WL 6022853, *2 (E.D.La. Oct. 14, 2015)(citing *Montoya v. FedEx Ground Package System, Inc.,* 614 F.3d 145, 148 (5th Cir. 2010)(citing *Qureshi v. United States*, 600 F.3d 523, 525 (5th Cir. 2010)(explaining that a Fed. R. Civ. P. 41(a)(1)(A)(i) dismissal is "immediately self-effectuating" without any action by the court)).

1

had filed a *Motion to Dismiss* with extrinsic evidence which was pending on January 14, 2016, "the mere submission [or service] of extraneous materials does not by itself convert a Rule 12(b)(6) [or 12(c)] motion into a motion for summary judgment."[5] District courts "enjoy broad discretion in deciding whether to treat a motion to dismiss as a motion for summary judgment."[6] Ultimately, the Court found ANPAC's *Motion* to be moot.[7] Defendant also argues that it will suffer legal prejudice if the *Notice* is not vacated or struck from the record, because Plaintiffs will essentially be permitted to forum shop. The Fifth Circuit in *Bechuck v. Home Depot U.S.A., Inc.* recently explained that, while "forum-shopping is not a trivial concern, 'Rule 41(a)(1) essentially permits forum shopping.'"[8] The *Bechuck* court further stated: "It is not uncommon for plaintiffs to use voluntary dismissal to 'secure their preferred forum,' such as when they seek to undo removal and return to state court. 'While this may seem distasteful to opposing parties, we have 'consistently held that Rule 41(a)(1) means what it says ... [and] [d]efendants who desire to prevent plaintiffs from invoking their unfettered right to dismiss actions under Rule 41(a)(1) may do so by taking the simple step of filing an answer.'"[9] Considering the Fifth Circuit's guidance in *Bechuck*, the Court finds that forum shopping is not the type of legal prejudice that would prevent Plaintiffs' Rule 41(a)(1) *Notice* from taking effect.

---

[5] *Williams v. E.I. du Pont de Nemours and Co.*, 2015 WL 9581824, *2 (M.D.La. Dec. 30, 2015)(quoting *U.S. ex rel. Long v. GSDMIdea City, LLC*, 798 F.3d 265, 275 (5th Cir. 2015)(quoting *Finley Lines Joint Protective Bd. v. Norfolk S. Corp.*, 109 F.3d 993, 996 (4th Cir. 1997)).
[6] *Id.*
[7] Rec. Doc. 43.
[8] *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 293 (5th Cir. 2013)(quoting *Harvey Specialty & Supply, Inc. v. Anson Flowline Equip. Inc.*, 434 F.3d 320, 324 n. 15 (5th Cir. 2005)).
[9] *Id.* (internal citations omitted).

Accordingly, the Court hereby denies ANPAC's *Motion to Vacate and Strike Plaintiffs' Notice of Dismissal Without Prejudice*. This civil action shall be closed by the Clerk of Court without further order of the Court.[10]

Signed in Baton Rouge, Louisiana on May 18, 2016.

*Shelly D. Dick*
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[10] Plaintiffs' *Notice of Dismissal Without Prejudice* "itself closes the file … There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff[s] alone." *Smith*, 2015 WL 6022853, at *3 (quoting *American Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963)).