# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

JAMES KYZAR AND ANNE AULDS,
INDIVIDUALLY, AND AS                                    CIVIL ACTION
REPRESENTATIVES OF THE CLASS


VERSUS


AMERICAN NATIONAL PROPERTY AND                          15-527-SDD-EWD
CASUALTY CO.


## RULING

Before the Court is Defendant American National Property and Casualty Company ("ANPAC")'s *Motion for Reconsideration and Alteration, Amendment, and Relief from the Ruling Entered on May 19, 2016 Under Rule 59(e) of the Federal Rules of Civil Procedure*.[1]  Plaintiffs, James Kyzar and Anne Aulds, have filed an *Opposition*[2] to which ANPAC has filed a *Reply*.[3]  For the following reasons, the Court denies ANPAC's *Motion*.

## I.    BRIEF FACTUAL AND PROCEDURAL HISTORY

Plaintiffs are two homeowners domiciled in Louisiana who filed a class action in state court against ANPAC, a Missouri corporation.[4]  Plaintiffs seek to represent a class of Louisiana homeowner's insurance policy holders whose property loss claims were allegedly wrongfully adjusted by ANPAC. ANPAC timely removed the action to this Court

---

[1] Rec. Doc. 50.  ANPAC also contends that the Motion is filed on behalf of non-party, ANPAC Louisiana Insurance Company.
[2] Rec. Doc. 52.
[3] Rec. Doc. 55.
[4] Rec. Doc. 1-2. Plaintiffs allege that "all persons and entities that received 'actual cash value' payments, directly or indirectly, from [ANPAC] for loss or damage to a dwelling or other structure located in the state of Louisiana, within the last ten years, where the cost of labor was depreciated". Rec. Doc. 1-2, ¶ 32.

alleging diversity jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1453, the Class

Action Fairness Act ("CAFA").[5]   Plaintiffs responded with a *Motion to Remand* on the

grounds that ANPAC failed to establish the requisite amount in controversy to confer this

Court's jurisdiction.[6]   On the same day, ANPAC filed a Rule 12(b)(6) *Motion to Dismiss*

*Class Action Petition.*[7] In its Rule 12(b)(6) *Motion* and in its *Opposition* to Plaintiffs' Motion

to Remand, ANPAC argued that a ANPAC Louisiana had issued the contested insurance

policies to Plaintiffs, not ANPAC.[8]

In response, Plaintiffs promptly moved for leave to amend the *Complaint* in order

to substitute ANPAC Louisiana as a party defendant in place of ANPAC.[9]   The Plaintiffs'

*Motion for Remand* and *Motion to Amend* were referred to the Magistrate Judge.[10]   After

issuing a *Report and Recommendation* on the *Motion to Remand*,[11] on December 11,

2015, the Magistrate Judge entered a *Ruling*[12] provisionally granting the Plaintiffs' *Motion*

*for Leave to Amend*.[13]   The Magistrate found that:

> There is no real dispute that ANPAC Louisiana is a proper defendant. The
> motion for leave to amend was filed in response to the defendant's Motion
> to Dismiss Class Action Petition, which asserted that ANPAC did not issue
> insurance policies to the plaintiffs.   Those policies were issued by ANPAC

---

[5] Rec. Doc. 1.

[6] Rec. Doc. 5. (Filed on September 8, 2015).

[7] Rec. Doc. 7. (Filed on September 8, 2015).

[8] Rec. Doc. 7-1 (Memorandum in Support of Motion to Dismiss);  Rec. Doc. 22-1 (Affidavit of Stuart Paulson, ANPAC's Senior Vice President and Corporate Operations Counsel attached to ANPAC's memorandum in opposition to remand).

[9] Rec. Doc. 15.

[10] Rule 72(a) of the Federal Rules of Civil Procedure permits the referral of a non-dispositive matter to a magistrate judge "to hear and decide." Statutorily, 28 U.S.C. § 636(b)(1)(A) allows a district court judge to designate a magistrate judge to hear and determine certain pretrial matters, including a motion to amend. Local Rule 72(b) permits proceedings in civil matters to be referred to a Magistrate Judge for a decision.

[11] On November 19, 2015, the Magistrate Judge recommended denying remand finding that "the evidence that proposed class exceeds 100 members and the amount in controversy is greater than $5,000,000, removal was proper under CAFA, 28 U.S.C. § 1332(d)." Rec. Doc. 31.  In his *Report and Recommendation*, the Magistrate correctly observed that "it is not necessary to, and the court should not, address the impact of the plaintiffs' proposed amendment before determining whether the case was properly removed."  On December 10, 2015, the Court adopted the *Report and Recommendation*. Rec. Doc. 32.

[12] Rec. Doc. 33.

[13] Rec. Doc. 15.

Louisiana. Clearly, the principal reason for joining ANPAC Louisiana is to bring the actual insurer before the court.[14]

In granting the Plaintiffs' *Motion for Leave to Amend*, the Magistrate Judge further

ORDERED:

> [T]he plaintiffs' Motion for Leave to File Plaintiffs' First Supplemental and Amended Class Action Complaint and Supplemental Jurisdictional Memorandum is GRANTED. **The clerk of court shall not file the proposed First Supplemental and Amended Class Action Complaint until the time for the parties to object to this ruling, as provided by Rule 72(a), Fed.R.Civ.P., has expired, and then only if no objection has been filed.** At the time the First Supplemental and Amending Class Action Complaint is filed, it will be treated as a Rule 41(a)(1)(A) notice of voluntary dismissal of American National Property and Casualty Company and the defendant will be terminated as a party.[15]

On December 28, 2015, ANPAC timely filed an *Objection* to the Magistrate Judge's *Ruling*.[16] On January 14, 2016, the Plaintiffs filed a Rule 41(a)(1)(A) *Notice of Voluntary Dismissal*.[17] Although the *Notice of Dismissal* had been filed, on February 4, 2016 this Court affirmed the Magistrate's *Ruling* granting Plaintiff's leave to amend which effectively allowed the substitution of ANPAC Louisiana in place of ANPAC. The sequencing of the Court's orders is admittedly less than ideal; however, the Court finds that the result is appropriate and in accord with law.

ANPAC moved to vacate Plaintiff's Rule 41(a)(1)(A) voluntary dismissal,[18] which this Court denied.[19] ANPAC now seeks reconsideration of the Court's denial of ANPAC's motion to vacate the Plaintiffs' voluntary dismissal of the action.[20] ANPAC argues that granting dismissal of the action was "manifestly erroneous because it ignores that ANPAC

---

[14] Rec. Doc. 33, p. 3.
[15] Rec. Doc. 33, p. 5. (emphasis original).
[16] Rec. Doc. 34.
[17] Rec. Doc. 37.
[18] Rec. Doc. 38.
[19] Rec. Doc. 49.
[20] Rec. Doc. 50.

Louisiana became a defendant on October 22, 2015—date of filing of motion for leave by plaintiffs (Rec. Doc. 15)—or, at the latest, on December 11, 2015—date of [the Magistrate's] Ruling on Motion for Leave to File Amended Complaint (Rec. Doc. 33)."[21] ANPAC argues that the *Notice of Voluntary Dismissal* applied only to ANPAC and that "ANPAC Louisiana [remains] a party to this case and has not been dismissed."[22] Although the defendants entire argument rests on the proposition that ANPAC Louisiana became the party plaintiff when the Magistrate ruled on the plaintiff's motion for leave to amend, curiously ANPAC Louisiana neither filed nor joined in ANPAC's *Motion to Vacate*. Plaintiffs counter that the Magistrate Judge's *Ruling* granting the amendment which permitted the substation of ANPAC Louisiana in the place of ANPAC was not given effect due to ANPAC's *Objection*,[23] and the express terms of the *Ruling*;[24] therefore, the *Amended Complaint* was not filed into the record, and ANPAC Louisiana was not substituted as a party before the *Notice of Dismissal* was filed.

## II.    LAW

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'"[25]  Under Rule 59(e), "the district court has considerable discretion in deciding whether to reopen a case" in response to a motion for reconsideration.[26]    Nevertheless, a motion for reconsideration is "an extraordinary remedy that should be used sparingly."[27]  A motion

---

[21] Rec. Doc. 50-1, pp. 6-7.
[22] Rec. Doc. 50-1, p. 2.
[23] Rec. Doc. 34.  ANPAC's Objection was filed on December 28, 2015.
[24] Rec. Doc. 33 "**The clerk of court shall not file the proposed First Supplemental and Amended Class Action Complaint until the time for the parties to object to this ruling, as provided by Rule 72(a), Fed.R.Civ.P., has expired, and then only if no objection has been filed.**" (emphasis original).
[25] *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004)(quoting *In Re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).
[26] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).
[27] *Templet*, 367 F.3d at 479.

to alter or amend the judgment under Rule 59(e) may be granted when it establishes a manifest error of law or fact or presents newly discovered evidence.[28]  A Rule 59 motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[29]  "Importantly, a Rule 59(e) motion is not proper to re-litigate matters that have been resolved to the movant's dissatisfaction and a party cannot attempt to obtain 'a second bite at the apple' on issues that were previously addressed by the parties and the Court."[30]

## III.  ANALYSIS

ANPAC contends that ANPAC Louisiana either became a party to this suit when the Plaintiffs' filed their *Motion for Leave* to amend their *Complaint* or, at the latest, when the Magistrate Judge issued his *Ruling* on December 11, 2015.  Therefore, the Court allegedly committed manifest error by granting the Plaintiffs' *Notice of Voluntary Dismissal* because ANPAC Louisiana remained a party.[31]  Ultimately, ANPAC's argument hinges upon when the Plaintiffs' *Amended Complaint* was deemed filed into the record.

---

[28] *Price v. PCS Nitrogen Fertilizer, L.P.*, 03-CV-153-JJB, 2012 WL 1108914, at *4 (M.D. La. Apr. 2, 2012) *aff'd,* 541 Fed. Appx. 347 (5th Cir. 2013).
[29] *Templet*, 367 F.3d at 479.
[30] *Casey v. Davis*, 2016 WL 3549526, at *2 (S.D. Tex. June 30, 2016) (internal quotes omitted).
[31] The Court observes that by filing their Rule 41 *Notice of Voluntary Dismissal*, Plaintiffs did exactly what ANPAC unabashedly criticized them for not doing, namely to dismiss and refile in state court--now ANPAC cries foul.

The Court finds that the jurisprudence relied upon by ANPAC is not only distinguishable from[32] but, in some instances, non-binding on the Court.[33] The Court further concludes that the cases do not enunciate a hard and fast rule as to when an amended complaint is deemed to be filed.   For instance, in *Modica v. Hill*[34] the court determined that the plaintiff should not be prejudiced due to its delay in granting the motion to amend the complaint.  In *Modica*, the plaintiff sought leave to file an amended complaint as required within the three year statute of limitations of the Death on the High Seas Act.  However, the court did not grant the motion until after the statute of limitations had lapsed.  Therefore, the defendants sought summary judgment dismissal of plaintiff's claims because they had prescribed.  Relying on a district court decision from Kansas, wherein the court found that an amended complaint is filed on the date the motion for leave to amend is filed, the *Modica* court denied summary judgment and concluded that because the "plaintiff moved to amend the complaint as required by Rule 15 within the three year period … plaintiffs should not be prejudiced by [the] court's delay in acting on the motion."[35]   Notably, the *Modica* court did not hold that an amended complaint is deemed filed on the date the motion for leave is filed.  Moreover, a Kansas district court decision does not have any binding authority on this Court.

---

[32] The decision of *Sharps Compliance, Inc. v. United Parcel Service, Inc.*, 2010 WL 838859 (S.D.Tex. Mar. 5, 2010) is distinguishable.  After removing the case to federal court, the defendant in *Sharps* filed a Rule 12(b)(6) motion seeking dismissal of plaintiff's claims, because they were preempted by the Carmack Amendment.  The plaintiff did not oppose the defendant's preemption argument, but sought leave to amend. The district court Judge granted the Rule 12(b)(6) but also granted plaintiff's motion for leave to amend.  In her Ruling, the district court Judge ordered that plaintiff's amended complaint "[be] deemed filed as of this date."  This case is further distinguishable from those decision relied upon by ANPAC regarding the clerk's ministerial duty to file pleadings.  Rec. Doc. 50-1, p. 10. None of the cases cited are factually similar to the instant matter and they lack similar language to that included in Magistrate Judge Riedlinger's Ruling.
[33] ANPAC cites to decisions outside of the Fifth Circuit.  See p. 7 of Rec. Doc. 50-1.
[34] *Modica v. Hill*, 1999 WL 104423 (E.D.La. Feb. 19, 1999).
[35] *Id.* at *1.

Here, the District Court referred Plaintiffs' *Motion to Amend* to the Magistrate Judge pursuant to statutory authority, and federal and local rules.[36]  "Rule 15(a) gives the court extensive discretion to decide whether to grant leave to amend after the time for amendment as a matter of course has passed."[37]   Although Defendant argues that the Magistrate Judge's Ruling was "self-operating" and "valid when entered," ANPAC overlooks the blatant fact that, in granting the Plaintiffs' *Motion*, the Magistrate Judge not only placed a condition[38] on the filing of the *Amended Complaint*, but he also qualified the effect of his *Ruling*.[39]   Specifically, the Magistrate delayed the effect of his *Ruling* by instructing the Clerk not to file the *Amended Complaint* into the record until the time period for objecting to his *Ruling* had lapsed and then only if no party objected.[40] ANPAC did object, thus by the plain language of the Ruling, the Amended Complaint was not filed. In

---

[36] See *supra* note, 10.

[37] Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1486 (3d ed.)(April 2016 Update).

[38] In this case, the Magistrate Judge granted the filing of the amended complaint, but imposed as a condition that its filing result in the Rule 41(a)(1) voluntary dismissal of ANPAC.  See *Id.*

[39] The jurisprudence cited by ANPAC to  argue that the Court's Ruling violated federal law by equating the filing date of the Amended Complaint with the date the clerk of court completed its ministerial duty of filing the Amended Complaint into the record are factually distinguishable from the instant matter.  *Coppedge v. v K.B.I., Inc.*, 2007 WL 1791717, *4 (E.D.Tex. June 19, 2007)(Plaintiff submitted amended complaint with motion for leave to file amended complaint.  Although the motion for leave was granted, plaintiff's amended complaint was not filed into the record.  Because there was no rule requiring parties to re-file an amended complaint once leave had been granted, the district court found that it had discretion to correct the clerical filing error to prevent a miscarriage of justice); *Poly Products Corp. v. AT & T Nassau Metals, Inc.*, 839 F.Supp. 1238 (E.D.Tex. Mar. 26, 1993)(defendant that filed notice of removal in state and federal court on same day, was not deprived of federal jurisdiction simply because state court clerked stamped notice 35 minutes before the federal clerk did, because the filing of notice is purely ministerial in nature);  *Hernandez v. Aldridge*, 902 F.2d 386, 388 (5th Cir. 1990)(Fifth Circuit concluded "in light of the circumstances of this case" that the date the clerk of court received the plaintiff's complaint was the actually filing date, even though the clerk did not actually "file" the complaint into the record until the motion for leave to proceed *in forma pauperis* had been granted.  Therefore, plaintiff's complaint was deemed timely filed within thirty day statutory requirement of 42 U.S.C. §2000e-16(c));  *Martin v. Demma*, 831 F.2d 69, 71 (5th Cir. 1987)(for purposes of statutes of limitations, pleadings are construed filed when received by the clerk of court even though not formally filed (i.e, file stamped "filed") until after the expiration of such time); *McClellon v. Lone Star Gas Co.*, 66 F.3d 98, 101 (5th Cir. 1995)(finding that pursuant to Rule 5(e) of the Federal Rules of Civil Procedure a clerk of court lacks the power or discretion to reject a pleading, i.e., complaint, that is technically deficient; therefore, such a "pleading is considered filed when placed in the possession of the clerk of court").

[40] Rec. Doc. 33.

33345                                       7

making its argument, ANPAC seems to ignore this provision while offering no legal authority that prohibits a Magistrate Judge from delaying the operational effect of his *Ruling*.

As previously discussed, Rule 59(e) motions are extraordinary remedies that should be used sparingly.  Based on the foregoing, the Court finds that this case does not warrant such extraordinary relief.  Therefore, ANPAC's *Motion* shall be denied.

## IV.   CONCLUSION

For the foregoing reasons, Defendant American National Property and Casualty Company's *Motion for Reconsideration and Alteration, Amendment, and Relief from the Ruling Entered on May 19, 2016 Under Rule 59(e) of the Federal Rules of Civil Procedure*[41] is hereby DENIED.

Signed in Baton Rouge, Louisiana on July 22, 2016.


_____
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[41] Rec. Doc. 50.